

*Law Office of*
**LINDY KORN, PLLC.**
Electric Tower
535 Washington Street, 9th Floor
Buffalo, New York 14203

March 8, 2022

<u>**VIA CM/ECF**</u>
Hon. Geoffrey W. Crawford
Chief Judge
United States District Court, District of Vermont
P.O. Box 478
Rutland, VT 05702-0478

      Re:    **JD1, et al. v. Canisius College, et al.**
              **W.D.N.Y. Case No. 1:21-cv-00521**

Judge Crawford:

Please accept the following as Plaintiffs' reply to Defendants' response to the amended complaint in the above-referenced matter.

Defendants submit that Plaintiffs have not pled allegations sufficient to establish that Defendant Huckle acted outside the scope of his employment. However, this is simply not true. In addition to the facts Plaintiffs have alleged in their amended complaint, Plaintiffs have also already alleged facts that support the assertion that Defendant Huckle acted outside the scope of his employment. These facts, contained in paragraphs 41-57, 62-63, 67-68, 78-79, 83, 85, 96, 98-101, 104, and 108 of Plaintiffs' amended complaint, demonstrate that Defendant Huckle acted outside the scope of his employment and are sufficient to establish a negligent hiring/retention theory of liability against Defendants.

Turning to Defendants' second point, the Defendants' argument that allegations pled upon information and belief are insufficient is entirely misplaced. As an initial matter, the existence of and availability of facts which Defendant Canisius College could have and should have investigated and discovered prior to hiring Defendant Huckle is a fact which by its nature could not lie within the personal knowledge of Plaintiffs. Accordingly, Plaintiffs are relying on third-party witnesses and information available in the public domain to make these allegations. This is the information upon which these allegations rest. There is no requirement that these facts be particularly within the knowledge of the Defendants. The case cited by Defendants, *Renner v. Chase Manhattan Bank*, 1999 U.S. Lexis 978, 1999 WL 47239 (SDNY February 3, 1999), is inapposite. The *Renner* case involved a fraud cause of action, and thus, the heightened pleading requirements of Rule 9(b) was applicable. The heightened pleading requirements of Rule 9(b) do not apply to negligence causes of action, including negligent hiring and supervision, or any cause of action in this complaint, including those arising under Title IX. *See*, *Karasek v. Regents of University of California*, 2015 WL 8527338 (N.D.Cal. 2015)(applying Rule 9(b) heightened pleading requirements to claims for fraud, but not to Title IX and sex discrimination claims); *Doe v. Rider University*, 2020 WL 634172 (D.N.J. 2020)(same); and *Doe v. Montana State University* (2020 WL 7493128 (D.Mont. 2020)("Neither Title IX, nor the Federal Rules of Civil Procedure impose a heightened pleading standard for sex discrimination suits.").

Based upon the foregoing, Plaintiffs submit the allegations in their amended complaint are sufficient to establish any and all pleading requirements, and therefore, Defendants' motion to dismiss must be denied in its entirety.

Dated: March 8, 2022
Buffalo, New York

Respectfully submitted,
Plaintiffs,
By their attorneys,

<u>Lindy Korn</u>
Lindy Korn, Esq.
Catherine McCulle, Esq.
The Law Office of Lindy Korn, PLLC
*Attorneys for Plaintiffs*
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
(716) 856-5676
(716) 507-8475
lkorn@lkorn-law.com
cmcculle@lkorn-law.com

<u>Brian M. Melber</u>
Brian M. Melber, Esq.
Personius Melber LLP
*Attorneys for Plaintiffs*
2100 Main Place Tower
Buffalo, NY 14202
(716) 855-1050
bmm@personiusmelber.com